Michael J. Malecek (State Bar No. 171034)
Email address: michael.malecek@kayescholer.com
Marisa Armanino Williams (State Bar No. 264907)
Email address: marisa.armanino@kayescholer.com
Robert S. Magee (State Bar No. 271443)
Email address: robert.magee@kayescholer.com
KAYE SCHOLER LLP
Two Palo Alto Square, Suite 400
3000 El Camino Real
Palo Alto, California 94306
Telephone: (650) 319-4500
Facsimile: (650) 319-4700

Terence P. Woodsome (State Bar No. 240908)
Email address: twde@cypress.com
CYPRESS SEMICONDUCTOR CORPORATION
198 Champion Court
San Jose, California 95134
Telephone: (408) 544-1035
Facsimile: (408) 456-1821

Attorneys for Plaintiff
CYPRESS SEMICONDUCTOR CORPORATION

KAYE | SCHOLER LLP

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CYPRESS SEMICONDUCTOR CORPORATION,

Plaintiff,

v.

SILEGO TECHNOLOGY, INC.

Defendant.

Case No.

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY TRIAL DEMANDED**

Plaintiff Cypress Semiconductor Corporation ("Cypress" or "Plaintiff") alleges:

## PARTIES

1. Cypress is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 198 Champion Court, San Jose, California. Cypress is a supplier of high-performance, mixed-signal, programmable solutions that provide customers with rapid time-to-market and exceptional system value. Cypress's innovations are used in a wide variety of consumer electronics, such as networking and telecommunication equipment, touchscreen devices, mobile handsets, video and imaging devices, as well as in military communication devices.

2. On information and belief, Defendant Silego Technology, Inc. ("Silego") is a corporation organized and existing under the laws of the State of Delaware with its corporate headquarters located at 1715 Wyatt Drive, Santa Clara, CA 95054.

3. As further described below, Silego designs, uses, and sells products that infringe multiple Cypress patents.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Silego and venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(b). Silego is headquartered in this District, transacts business involving infringing products within this District, and offers infringing products for sale in this District. On information and belief, Silego derives significant revenue from the sale of infringing products distributed and used within this District, and/or expects or should reasonably expect its actions to have consequences within this District, and derives substantial revenue from interstate and international commerce.

**INTRADISTRICT ASSIGNMENT**

6. This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

**BACKGROUND**

7. For over thirty years, Cypress has been a pioneer and market innovator in semiconductor technology. Cypress products include the PSoC® 1, PSoC® 3, PSoC® 4, and PSoC® 5 Programmable System-on-Chip families, and Cypress is the world leader in capacitive user interface solutions including CapSense® touch sensing, TrueTouch® touchscreens, and trackpad solutions for notebook PCs and peripherals. Cypress is also the world leader in universal serial bus ("USB") controllers, which enhance connectivity and performance in a wide range of consumer and industrial products. Cypress is also the world leader in static random access memory ("SRAM") and nonvolatile RAM memories.

8. To develop its industry-leading products, Cypress has made extensive and continuous investments in research and development ("R&D"). Cypress's R&D efforts have been essential to its success as a supplier of semiconductor solutions. Cypress's R&D organization works closely with its manufacturing facilities, suppliers and customers to improve semiconductor designs and lower manufacturing costs.

9. To protect these critical R&D efforts, Cypress places a high value on its intellectual property. Cypress has applied for and received over 2000 patents worldwide in a variety of semiconductor-related technologies, and has more than 800 pending U.S. and foreign patent applications. Cypress has over 250 issued U.S. patents and over 50 pending U.S. patent applications directed towards PSoC® and other programmable mixed-signal array technology.

10. To protect the interests of Cypress's customers, who benefit from Cypress's leading-edge technology and rely upon Cypress's proprietary solutions to compete in the marketplace, Cypress cannot allow unauthorized use of its intellectual property.

**CYPRESS PATENTS**

11. On June 21, 2005, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,910,126 ("the '126 patent"), entitled "Programming



KAYE SCHOLER LLP

KAYE | SCHOLER LLP

Methodology and Architecture for a Programmable Analog System," to Cypress Microsystems, Inc. Cypress owns the '126 patent by assignment. A true and correct copy of the '126 patent is attached as Exhibit A to this Complaint.

12. On May 22, 2007, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,221,187 ("the '187 patent"), entitled "Programmable Microcontroller Architecture (Mixed Analog/Digital)," to Cypress. Cypress owns the '187 patent by assignment. A true and correct copy of the '187 patent is attached as Exhibit B to this Complaint.

13. On November 2, 2010, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,825,688 ("the '688 patent"), entitled "Programmable Microcontroller Architecture (Mixed Analog/Digital)," to Cypress. Cypress owns the '688 patent by assignment. A true and correct copy of the '688 patent is attached as Exhibit C to this Complaint.

14. The '126 patent, '187 patent, and '688 patent will be referred to below as the "Asserted Patents."

**INFRINGEMENT BY SILEGO**

15. The products designed, imported, used, and sold by Silego that infringe one or more claims of the Asserted Patents include, but are not limited to, Silego's GreenPAK (SLG46200) and GreenPAK2 (SLG46400) products and associated software, firmware, and peripheral components, as well as other Silego programmable mixed-signal array products and associated software, firmware, and peripheral components that incorporate the same or similar features, functionality, and/or architecture (collectively, the "Silego Infringing Products"). The identification of products and parts in this Complaint is by way of example only, and on information and belief, the exemplary products and parts identified in this Complaint are representative of all Silego products and parts with reasonably similar features, functionality and/or architecture, whether discontinued, current or future.

16. The Silego Infringing Products have no substantial non-infringing use.

17. According to Silego's website and other publicly available documents, and on information and belief, the Silego Infringing Products are sold to distributors and end customers in the United States. These distributors and end customers are supplied with datasheets and other information that instruct downstream users how to operate the Silego Infringing Products, and Silego provides these instructions while knowing since at least 2012 that the Silego Infringing Products infringe multiple Cypress patents, including one or more of the Asserted Patents. Sale or use of the Silego Infringing Products in accordance with Silego's instructions on how to operate these devices constitutes direct infringement of the Asserted Patents.

18. Silego is aware that the Silego Infringing Products infringe the Asserted Patents. In an effort to resolve Silego's infringement without resorting to litigation, Cypress made Silego aware of the Asserted Patents in May 2012, and again on multiple subsequent occasions. On information and belief, Silego continues to infringe the Asserted Patents.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '126 Patent)**

19. Cypress incorporates and realleges the allegations of the preceding paragraphs as though set forth in full herein.

20. Cypress has not licensed or otherwise authorized Silego to make, use, offer for sale, sell, or import into the United States any products that embody the inventions of the '126 patent.

21. Silego has directly infringed and continues to directly infringe the '126 patent by making, using, importing, offering for sale or selling the Silego Infringing Products in the United States.

22. Silego has had actual knowledge of the '126 patent since at least May 29, 2012.

23. Silego has indirectly infringed and continues to indirectly infringe the '126 patent by inducing end users to infringe the '126 patent by making, using, and programming the Silego Infringing Products. Silego intentionally took action that induced end users to infringe the '126 patent by marketing, selling, and supporting the infringing devices. On information and belief, at least one Silego end customer or distributor has directly infringed the '126 patent by acting as

KAYE | SCHOLER LLP

KAYE | SCHOLER LLP

instructed by Silego. For example, Silego supplies end customers and distributors of the Silego Infringing Products with datasheets and other information that instruct downstream users how to operate the Silego Infringing Products, with knowledge that use in accordance with such instructions infringes the ’126 patent. As detailed by the datasheets and other information supplied by Silego, the Silego Infringing Products infringe multiple Cypress patents. Sale or use of the Silego Infringing Products by end customers or distributors in accordance with Silego’s instructions constitutes direct infringement of the ’126 patent. Silego had awareness of the ’126 patent and knew, or was willfully blind to the fact, that its actions would cause direct infringement by end users.

24. Silego has indirectly infringed and continues to indirectly infringe the ’126 patent by contributing to direct infringement by end users who make, use, and program the Silego Infringing Products. Silego supplied a component whose use by downstream users is infringing; the component is not a common component suitable for non-infringing use; and Silego supplied the component with the knowledge of the ’126 patent and knowledge that the component was especially made or adapted for use in an infringing manner.

25. Silego’s actions are in violation of one or more of the provisions of 35 U.S.C. § 271.

26. Cypress has been damaged and irreparably injured by Silego’s infringing activities and will continue to be so damaged and irreparably injured unless Silego’s infringing activities are enjoined by this Court.

27. On information and belief, Silego’s infringement has been, and continues to be, willful, wanton, and deliberate, without license or excuse and with full knowledge of the ’126 patent.

## SECOND CLAIM FOR RELIEF
## (Infringement of the ’187 Patent)

28. Cypress incorporates and realleges the allegations of the preceding paragraphs as though set forth in full herein.

29. Cypress has not licensed or otherwise authorized Silego to make, use, offer for

sale, sell, or import into the United States any products that embody the inventions of the ’187 patent.

30. Silego has directly infringed and continues to directly infringe the ’187 patent by making, using, importing, offering for sale or selling the Silego Infringing Products in the United States.

31. Silego has had actual knowledge of the ’187 patent since at least May 29, 2012.

32. Silego has indirectly infringed and continues to indirectly infringe the ’187 patent by inducing end users to infringe the ’187 patent by making, using, and programming the Silego Infringing Products. Silego intentionally took action that induced end users to infringe the ’187 patent by marketing, selling, and supporting the infringing devices. On information and belief, at least one Silego end customer or distributor has directly infringed the ’187 patent by acting as instructed by Silego. For example, Silego supplies end customers and distributors of the Silego Infringing Products with datasheets and other information that instruct downstream users how to operate the Silego Infringing Products, with knowledge that use in accordance with such instructions infringes the ’187 patent. As detailed by the datasheets and other information supplied by Silego, the Silego Infringing Products infringe multiple Cypress patents. Sale or use of the Silego Infringing Products by end customers or distributors in accordance with Silego’s instructions constitutes direct infringement of the ’187 patent. Silego had awareness of the ’187 patent and knew, or was willfully blind to the fact, that its actions would cause direct infringement by end users.

33. Silego has indirectly infringed and continues to indirectly infringe the ’187 patent by contributing to direct infringement by end users who make, use, and program the Silego Infringing Products. Silego supplied a component whose use by downstream users is infringing; the component is not a common component suitable for non-infringing use; and Silego supplied the component with the knowledge of the ‘187 patent and knowledge that the component was especially made or adapted for use in an infringing manner.

34. Silego’s actions are in violation of one or more of the provisions of 35 U.S.C.

KAYE | SCHOLER LLP

§ 271.

35. Cypress has been damaged and irreparably injured by Silego's infringing activities and will continue to be so damaged and irreparably injured unless Silego's infringing activities are enjoined by this Court.

36. On information and belief, Silego's infringement has been, and continues to be, willful, wanton, and deliberate, without license or excuse and with full knowledge of the '187 patent.

**THIRD CLAIM FOR RELIEF**
**(Infringement of the '688 Patent)**

37. Cypress incorporates and realleges the allegations of the preceding paragraphs as though set forth in full herein.

38. Cypress has not licensed or otherwise authorized Silego to make, use, offer for sale, sell, or import into the United States any products that embody the inventions of the '688 patent.

39. Silego has directly infringed and continues to directly infringe the '688 patent by making, using, importing, offering for sale or selling the Silego Infringing Products in the United States.

40. Silego has had actual knowledge of the '688 patent since at least May 29, 2012.

41. Silego has indirectly infringed and continues to indirectly infringe the '688 patent by inducing end users to infringe the '688 patent by making, using, and programming the Silego Infringing Products. Silego intentionally took action that induced end users to infringe the '688 patent by marketing, selling, and supporting the infringing devices. On information and belief, at least one Silego end customer or distributor has directly infringed the '688 patent by acting as instructed by Silego. For example, Silego supplies end customers and distributors of the Silego Infringing Products with datasheets and other information that instruct downstream users how to operate the Silego Infringing Products, with knowledge that use in accordance with such instructions infringes the '688 patent. As detailed by the datasheets and other information supplied by Silego, the Silego Infringing Products infringe multiple Cypress patents. Sale or use

KAYE SCHOLER LLP

of the Silego Infringing Products by end customers or distributors in accordance with Silego's instructions constitutes direct infringement of the '688 patent. Silego had awareness of the '688 patent and knew, or was willfully blind to the fact, that its actions would cause direct infringement by end users.

42. Silego has indirectly infringed and continues to indirectly infringe the '688 patent by contributing to direct infringement by end users who make, use, and program the Silego Infringing Products. Silego supplied a component whose use by downstream users is infringing; the component is not a common component suitable for non-infringing use; and Silego supplied the component with the knowledge of the '688 patent and knowledge that the component was especially made or adapted for use in an infringing manner.

43. Silego's actions are in violation of one or more of the provisions of 35 U.S.C. § 271.

44. Cypress has been damaged and irreparably injured by Silego's infringing activities and will continue to be so damaged and irreparably injured unless Silego's infringing activities are enjoined by this Court.

45. On information and belief, Silego's infringement has been, and continues to be, willful, wanton, and deliberate, without license or excuse and with full knowledge of the '688 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Cypress requests that this Court grant the following relief:

a. Enter judgment that the Silego Infringing Products infringe the '126, '187, and '688 patents;

b. Enter an order permanently enjoining Silego and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, offering to sell, or selling in the United States or importing into the United States any devices that infringe any claim of the Asserted Patents;



KAYE | SCHOLER LLP

c. Award Cypress its damages, including lost profits, resulting from Silego's infringement in an amount to be determined at trial, pursuant to 35 U.S.C. § 284;

d. Find this to be an exceptional case pursuant to 35 U.S.C. § 285;

e. Award Cypress prejudgment interest and post-judgment interest on its damages and award Cypress its costs;

f. Perform an accounting of Silego's infringing sales not presented at trial and award Cypress additional damages from any such infringing sales; and

g. Award Cypress its costs and attorneys' fees and such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Cypress hereby demands trial by jury on all issues raised by the Complaint.

Dated: September 24, 2013

Respectfully submitted,

KAYE SCHOLER LLP

By *_/s/ Michael J. Malecek_*
Michael J. Malecek
Attorneys for Plaintiff
CYPRESS SEMICONDUCTOR CORPORATION

KAYE | SCHOLER LLP