Robert T. Haslam (State Bar No. 71134)
Email address: rhaslam@cov.com
Anupam Sharma (State Bar No. 229545)
Email address: asharma@cov.com
Charlin C. Lu (State Bar No. 271121)
Email address: clu@cov.com
Patrick N. Flynn (State Bar No. 286108)
Email address: pflynn@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Attorneys for Defendant
SILEGO TECHNOLOGY, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

CYPRESS SEMICONDUCTOR CORPORATION

Plaintiff,

v.

SILEGO TECHNOLOGY, INC.

Defendant.

Case No.: 3:13-CV-04412-MMC

**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT, AND COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

**JURY TRIAL DEMANDED**

Defendant Silego Technology Inc. ("Silego") hereby answers the Complaint of Plaintiff Cypress Semiconductor Corporation ("Cypress") as follows:

**PARTIES**

1. Silego is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies these allegations.

2. Silego admits the allegations contained in Paragraph 2 of the Complaint.

3. Silego denies the allegations contained in Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent that an answer is required, however, Silego admits that this Court has subject matter jurisdiction over the claim of patent infringement asserted in the Complaint.

5. Silego admits that this Court has personal jurisdiction over Silego and that venue is proper under 28 U.S.C. § 1391 and 28 U.S.C. §1400. Silego admits that it is headquartered in the Northern District of California. Silego denies the remaining allegations contained within Paragraph 5.

**INTRADISTRICT ASSIGNMENT**

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required.

**BACKGROUND**

7. Silego is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies these allegations.

8. Silego is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies these allegations.

9. Silego is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies these allegations.

10. Silego is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies these allegations.

**CYPRESS PATENTS**

11. Silego admits that the Complaint appears to attach a copy of United States Patent No. 6,910,126 ("the '126 patent") as Exhibit A, that it appears to be entitled "Programming Methodology and Architecture for a Programmable Analog System," and that it appears to have issued on June 21, 2005. Silego is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 11 of the Complaint, and therefore denies these allegations.

12. Silego admits that the Complaint appears to attach a copy of United States Patent No. 7,221,187 ("the '187 patent") as Exhibit B, that it appears to be entitled "Programmable Microcontroller Architecture (Mixed Analog/Digital)," and that it appears to have issued on May 22, 2007. Silego is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 12 of the Complaint, and therefore denies these allegations.

13. Silego admits that the Complaint appears to attach a copy of United States Patent No. 7,825,688 ("the '688 patent") as Exhibit C, that it appears to be entitled "Programmable Microcontroller Architecture (Mixed Analog/Digital)," and that it appears to have issued on November 2, 2010. Silego is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 13 of the Complaint, and therefore denies these allegations.

14. Paragraph 14 of the Complaint is not an allegation requiring Silego to admit or deny.

**ALLEGED INFRINGEMENT BY SILEGO**

15. Silego admits that it has designed, used, imported, or sold the SLG46200 and SLG46400 products and other mixed-signal matrix products. Silego denies the remainder of the allegations contained in Paragraph 15 of the Complaint.

16. Silego denies the allegations contained in Paragraph 16 of the Complaint.

17. Silego admits that the SLG46200 and SLG46400 products are sold to customers in the United States and that these customers are supplied with datasheets that instruct them how to operate these products. Silego denies the remainder of the allegations contained in Paragraph 17 of the Complaint.

18. Silego admits that Cypress sent a letter, dated May 29, 2012, to Silego purporting to be the assignee and owner of the ’126 patent, the ’187 patent, and the ’688 patent, and reiterated that allegation on subsequent occasions. Silego denies the remainder of the allegations contained in Paragraph 18 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the ’126 Patent)**

19. Silego restates its responses as set forth above as if separately set forth herein.

20. Silego is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies these allegations.

21. Silego denies the allegations contained in Paragraph 21 of the Complaint.

22. Silego admits that Cypress sent a letter, dated May 29, 2012, to Silego purporting to be the assignee and owner of the ’126 patent. Silego denies the remainder of the allegations in Paragraph 22 of the Complaint.

23. Silego denies the allegations contained in Paragraph 23 of the Complaint.

24. Silego denies the allegations contained in Paragraph 24 of the Complaint.

25. Silego denies the allegations contained in Paragraph 25 of the Complaint.

26. Silego denies the allegations contained in Paragraph 26 of the Complaint.

27. Silego denies the allegations contained in Paragraph 27 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '187 Patent)**

28. Silego restates its responses as set forth above as if separately set forth herein.

29. Silego is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore denies these allegations.

30. Silego denies the allegations contained in Paragraph 30 of the Complaint.

31. Silego admits that Cypress sent a letter, dated May 29, 2012, to Silego purporting to be the assignee and owner of the '187 patent. Silego denies the remainder of the allegations in Paragraph 31 of the Complaint.

32. Silego denies the allegations contained in Paragraph 32 of the Complaint.

33. Silego denies the allegations contained in Paragraph 33 of the Complaint.

34. Silego denies the allegations contained in Paragraph 34 of the Complaint.

35. Silego denies the allegations contained in Paragraph 35 of the Complaint.

36. Silego denies the allegations contained in Paragraph 36 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Infringement of the '688 Patent)**

37. Silego restates its responses as set forth above as if separately set forth herein.

38. Silego is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore denies these allegations.

39. Silego denies the allegations contained in Paragraph 39 of the Complaint.

40. Silego admits that Cypress sent a letter, dated May 29, 2012, to Silego purporting to be the assignee and owner of the '688 patent. Silego denies the remainder of the allegations in Paragraph 40 of the Complaint.

41. Silego denies the allegations contained in Paragraph 41 of the Complaint.

42. Silego denies the allegations contained in Paragraph 42 of the Complaint.

43. Silego denies the allegations contained in Paragraph 43 of the Complaint.

44. Silego denies the allegations contained in Paragraph 44 of the Complaint.

45. Silego denies the allegations contained in Paragraph 45 of the Complaint.

**PRAYER FOR RELIEF**

Silego denies that Cypress is entitled to any of the relief it requests.

**DEMAND FOR JURY TRIAL**

Cypress's demand for a jury trial is not an allegation requiring Silego to admit or deny.

**AFFIRMATIVE DEFENSES**

Silego's affirmative defenses are provided below. Silego reserves the right to amend its Answer to add additional affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

46. Silego's design, use, importation, or sale of its products alleged to have infringed the '126, '187, or '688 patents – including without limitation, Silego's GreenPAK (SLG46200) and GreenPAK2 (SLG46400) products, and associated software, firmware, and peripheral components – and the use of such products by others, does not directly or indirectly (such as by inducement or contributory infringement) infringe any of the claims of the '126, '187, or '688 patents either literally or under the doctrine of equivalents. Silego does not willfully infringe the '126, '187, or '688 patents.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity)**

47. One or more claims of the '126, '187 or '688 patents are invalid for or unenforceable for failure to comply with one or more of the requirements and conditions of patentability set forth in the patent laws, 35 U.S.C. §§ 101, 102, 103, and 112 because, for example, they: (i) lack patentable subject matter (Section 101), (ii) are not new or novel in light of prior art (Sections 102(a), (b), (e)), (iii) are obvious in light of prior art (Section 103), and/or (iv) are indefinite, fail to provide an adequate written description of or fail to enable one of skill in the art to make and use the alleged inventions claimed in the '126, '187 or '688 patents (Section 112).

48. Specifically and without limitation, upon information and belief, the ’126 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 and as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not limited to systems and methods relating to a plurality of interconnected analog blocks that are selectively and electrically couplable and decouplable from other analog blocks upon receiving configuration information in a configuration register.

49. For example, and without limitation, upon information and belief, the ’126 patent is invalid pursuant to 35 U.S.C. §§ 102 and 103 based upon U.S. Patent No. 6,460,172 entitled “Microprocessor Based Mixed Signal Field Programmable Integrated Device and Prototyping Methodology” that was filed on June 21, 2000 with the U.S. Patent Office and issued on October 1, 2002. The case is only at the pleading stage, and Silego’s investigation of the prior art is ongoing. Silego reserves the right to rely on additional prior art disclosed in due course pursuant to the Patent Local Rules of the Court.

50. Specifically and without limitation, upon information and belief, the ’187 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 and as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not limited to systems and methods relating to a plurality of analog circuit blocks, plurality of digital circuit blocks, a bus coupling the I/O data for the aforementioned circuit blocks, and a system clock that controls the coupling of the I/O data to the bus.

51. For example, and without limitation, upon information and belief, the ’187 patent is invalid pursuant to 35 U.S.C. §§ 102 and 103 based upon U.S. Patent No. 5,563,526 entitled “Programmable Mixed-Mode Integrated Circuit Architecture” that was filed on June 3, 1994 with the U.S. Patent Office and issued on October 8, 1996. The case is only at the pleading stage, and Silego’s investigation of the prior art is ongoing. Silego reserves the right to rely on additional prior art disclosed in due course pursuant to the Patent Local Rules of the Court.

52. Specifically and without limitation, upon information and belief, the ’688 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 and as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not limited to systems and methods relating to an analog

circuit block, a digital circuit block, a bus coupling the I/O data for the aforementioned circuit blocks, and a system clock that controls the coupling of the I/O data to the bus.

53. For example, and without limitation, upon information and belief, the ’688 patent is invalid pursuant to 35 U.S.C. §§ 102 and 103 based upon U.S. Patent No. 5,563,526 entitled “Programmable Mixed-Mode Integrated Circuit Architecture” that was filed on June 3, 1994 with the U.S. Patent Office and issued on October 8, 1996. The case is only at the pleading stage, and Silego’s investigation of the prior art is ongoing. Silego reserves the right to rely on additional prior art disclosed in due course pursuant to the Patent Local Rules of the Court.

**THIRD AFFIRMATIVE DEFENSE**
**(Limitation on Damages)**

54. To the extent that Cypress failed to properly mark any of its relevant products, failed to require others to mark any relevant products, or otherwise failed to give proper notice that Silego’s actions actually infringed the ’126, ’187, or ’688 patents, its damages claims are limited or barred pursuant to 35 U.S.C. §§ 286 and 287.

**FOURTH AFFIRMATIVE DEFENSE**
**(Injunctive Relief Not Available)**

55. Cypress is not entitled to any injunctive relief because any injury to Cypress is neither immediate nor irreparable, and Cypress has adequate remedies at law.

**FIFTH AFFIRMATIVE DEFENSE**
**(Prosecution history estoppel and /or prosecution disclaimer)**

56. Prosecution history estoppel and/or prosecution disclaimer on one or more of the ’126, ’187 or ’688 patents bars Cypress’s proposed claim constructions or Cypress from proving infringement under the doctrine of equivalents. For example, and without limitation, upon information and belief, during prosecution of the ’126 patent, in response to a rejection based on U.S. Patent No. 6,185,127 by the U.S. Patent Office of the pending claims, Cypress narrowed at least claim 1 by adding, *inter alia*, the following limitation: “whereby said configuration information is implemented by said analog blocks to accomplish said coupling.” Cypress further argued to the U.S. Patent Office that the analog blocks in the asserted prior art “only communicate with each other via the analog routing pool, depending upon the programming of

the analog routing pool. However, according to the present claimed invention, the analog blocks are configured to route signals from one block to another."

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Silego asserts the following declaratory relief counterclaims against Cypress:

### PARTIES

1. Defendant and Counterclaimant Silego Technologies Inc. ("Silego") is a Delaware corporation having a principal place of business at 1715 Wyatt Drive, Santa Clara, CA 95054.

2. Upon information and belief, Plaintiff and Counterclaim-Defendant Cypress Semiconductor Corporation ("Cypress") is a Delaware corporations having a principal place of business at 198 Champion Court, San Jose, CA 95134.

### JURISDICTION AND VENUE

3. These counterclaims arise under the patent laws, Title 35, Unites States Code and under Title 28, United States Code, §§ 2201 and 1338(a).

4. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2002, as they arise under an Act of Congress relating to patents.

5. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), (c), and 1400(b). The Court has personal jurisdiction over Cypress because Cypress has purposefully availed itself of the privilege of conducting activities within this State and District.

### FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,910,126)

6. Silego restates its allegations set forth above as if separately set forth herein.

7. Cypress asserts that it owns U.S. Patent No. 6,910,126 ("the '126 patent") entitled "Programming Methodology and Architecture for a Programmable Analog System" by assignment.

8. In an action filed on or about September 24, 2013, Cypress filed a Complaint alleging, *inter alia*, that Silego has and continues to directly and indirectly infringe the '126 patent.

9. Silego denies that any of the products that Cypress is accusing of infringement of the '126 patent – including without limitation, Silego's GreenPAK (SLG46200) and GreenPAK2 (SLG46400) products, and associated software, firmware, and peripheral components – have infringed, or are infringing, any valid claim of the '126 patent, directly or indirectly (such as by inducement or contributory infringement) either literally or by application of the doctrine of equivalents.

10. A substantial, actual, and continuing controversy has arisen and now exists between Silego and Cypress as to whether any of Silego's products that Cypress has accused of infringement – including without limitation, Silego's GreenPAK (SLG46200) and GreenPAK 2 (SLG46400) products, and associated software, firmware, and peripheral components – have infringed, or are infringing, any valid claim of the '126 patent.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Silego requests a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '126 patent, directly or indirectly, either literally or by application of the doctrine of equivalents.

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Silego requests a declaration from the Court that each claim of the '126 patent is invalid for failure to comply with one or more of the requirements and conditions of patentability set forth in the patent laws, 35 U.S.C. §§ 101, 102, 103, and 112 because, for example, they: (i) lack patentable subject matter (Section 101), (ii) are not new or novel in light of prior art (Sections 102(a), (b), (e)), (iii) are obvious in light of prior art (Section 103), and/or (iv) are indefinite, fail to provide an adequate written description of or fail to enable one of skill in the art to make and use the alleged inventions claimed in the '126 patent (Section 112).

13. Specifically and without limitation, upon information and belief, the '126 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 and as obvious pursuant to 35 U.S.C. § 103

based upon prior art including but not limited to systems and methods relating to a plurality of interconnected analog blocks that are selectively and electrically couplable and decouplable from other analog blocks upon receiving configuration information in a configuration register.

14. For example, and without limitation, upon information and belief, the ’126 patent is invalid pursuant to 35 U.S.C. §§ 102 and 103 based upon U.S. Patent No. 6,460,172 entitled “Microprocessor Based Mixed Signal Field Programmable Integrated Device and Prototyping Methodology” that was filed on June 21, 2000 with the U.S. Patent Office and issued on October 1, 2002. The case is only at the pleading stage, and Silego’s investigation of the prior art is ongoing. Silego reserves the right to rely on additional prior art disclosed in due course pursuant to the Patent Local Rules of the Court.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 7,221,187)**

15. Silego restates its allegations set forth above as if separately set forth herein.

16. Cypress asserts that it owns U.S. Patent No. 7,221,187 (“the ’187 patent”) entitled “Programmable Microcontroller Architecture (Mixed Analog/Digital)” by assignment.

17. In an action filed on or about September 24, 2013, Cypress filed a Complaint alleging, *inter alia*, that Silego has and continues to directly and indirectly infringe the ’187 patent.

18. Silego denies that any of the products that Cypress is accusing of infringement of the ’187 patent – including without limitation, Silego’s GreenPAK (SLG46200) and GreenPAK2 (SLG46400) products, and associated software, firmware, and peripheral components – have infringed, or are infringing, any valid claim of the ’187 patent, directly or indirectly (such as by inducement or contributory infringement) either literally or by application of the doctrine of equivalents.

19. A substantial, actual, and continuing controversy has arisen and now exists between Silego and Cypress as to whether any of Silego’s products that Cypress has accused of infringement -- including without limitation, Silego’s GreenPAK (SLG46200) and GreenPAK2

(SLG46400) products, and associated software, firmware, and peripheral components – have infringed, or are infringing, any valid claim of the ‘187 patent.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Silego requests a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the ’187 patent, directly or indirectly, either literally or by application of the doctrine of equivalents.

21. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Silego requests a declaration from the Court that each claim of the ’187 patent is invalid for failure to comply with one or more of the requirements and conditions of patentability set forth in the patent laws, 35 U.S.C. §§ 101, 102, 103, and 112 because, for example, they: (i) lack patentable subject matter (Section 101), (ii) are not new or novel in light of prior art (Sections 102(a), (b), (e)), (iii) are obvious in light of prior art (Section 103), and/or (iv) are indefinite, fail to provide an adequate written description of or fail to enable one of skill in the art to make and use the alleged inventions claimed in the ’187 patent (Section 112).

22. Specifically and without limitation, upon information and belief, the ’187 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 and as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not limited to systems and methods relating to a plurality of analog circuit blocks, plurality of digital circuit blocks, a bus coupling the I/O data for the aforementioned circuit blocks, and a system clock that controls the coupling of the I/O data to the bus.

23. For example, and without limitation, upon information and belief, the ’187 patent is invalid pursuant to 35 U.S.C. §§ 102 and 103 based upon U.S. Patent No. 5,563,526 entitled “Programmable Mixed-Mode Integrated Circuit Architecture” that was filed on June 3, 1994 with the U.S. Patent Office and issued on October 8, 1996. The case is only at the pleading stage, and Silego’s investigation of the prior art is ongoing. Silego reserves the right to rely on additional prior art disclosed in due course pursuant to the Patent Local Rules of the Court.

**THIRD COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 7,825,688)**

24. Silego restates its allegations set forth above as if separately set forth herein.

25. Cypress asserts that it owns U.S. Patent No. 7,825,688 ("the '688 patent") entitled "Programmable Microcontroller Architecture (Mixed Analog/Digital)" by assignment.

26. In an action filed on or about September 24, 2013, Cypress filed a Complaint alleging, *inter alia*, that Silego has and continues to directly and indirectly infringe the '688 patent.

27. Silego denies that any of the products that Cypress is accusing of infringement of the '688 patent – including without limitation, Silego's GreenPAK (SLG46200) and GreenPAK2 (SLG46400) products, and associated software, firmware, and peripheral components – have infringed, or are infringing, any valid claim of the '688 patent, directly or indirectly (such as by inducement or contributory infringement) either literally or by application of the doctrine of equivalents.

28. A substantial, actual, and continuing controversy has arisen and now exists between Silego and Cypress as to whether any of Silego's products that Cypress has accused of infringement – including without limitation, Silego's GreenPAK (SLG46200) and GreenPAK2 (SLG46400) products, and associated software, firmware, and peripheral components – have infringed, or are infringing, any valid claim of the '688 patent.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Silego requests a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '688 patent, directly or indirectly, either literally or by application of the doctrine of equivalents.

30. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Silego requests a declaration from the Court that each claim of the '688 patent is invalid for failure to comply with one or more of the requirements and conditions of patentability set forth in the patent laws, 35 U.S.C. §§ 101, 102, 103, and 112 because, for example, they: (i) lack patentable subject matter (Section 101), (ii) are not new or novel in light of prior art (Sections

102(a), (b), (e)), (iii) are obvious in light of prior art (Section 103), and/or (iv) are indefinite, fail to provide an adequate written description of or fail to enable one of skill in the art to make and use the alleged inventions claimed in the ’688 patent (Section 112).

31. Specifically and without limitation, upon information and belief, the ’688 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 and as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not limited to systems and methods relating to an analog circuit block, a digital circuit block, a bus coupling the I/O data for the aforementioned circuit blocks, and a system clock that controls the coupling of the I/O data to the bus.

32. For example, and without limitation, upon information and belief, the ’688 patent is invalid pursuant to 35 U.S.C. §§ 102 and 103 based upon U.S. Patent No. 5,563,526 entitled “Programmable Mixed-Mode Integrated Circuit Architecture” that was filed on June 3, 1994 with the U.S. Patent Office and issued on October 8, 1996. The case is only at the pleading stage, and Silego’s investigation of the prior art is ongoing. Silego reserves the right to rely on additional prior art disclosed in due course pursuant to the Patent Local Rules of the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Silego prays that:

A. The Court dismiss the Complaint against Silego with prejudice;

B. The Court declare that Silego has not infringed and does not infringe the ’126, ’187, and ’688 patents;

C. The Court declare that each of the ’126, ’187, and ’688 patents, and each claim therein, is invalid and unenforceable;

D. The Court declare that Cypress is not entitled to any remedy or relief whatsoever against Silego;

E. The Court determine that this case is exceptional under 35 U.S.C. § 285 and award Silego its costs, together with its attorneys' fees and all of its expenses in connection with this suit; and

F. The Court award Silego such other relief as this Court may deem just, proper and equitable.

**DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Silego demands a trial by jury on all issues so triable.

Respectfully submitted,

DATE: November 18, 2013

COVINGTON & BURLING LLP

By: *\/s/ Robert T. Haslam*

Robert T. Haslam (rhaslam@cov.com)
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Attorneys for Defendant
SILEGO TECHNOLOGY, INC.